[Civ. No. 1751.    Second Appellate District.—July 28, 1915.]

## R. B. QUACKENBUSH et al., Respondents, v. THE LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—EVIDENCE—CROSS-EXAMINATION.—It is error in an action for damages for personal injuries resulting from a collision between a street-car and an automobile to sustain an objection to a question asked of one of the plaintiffs on cross-examination as to whether the car had moved fifty feet between the moment of his giving a signal to the motorman and the time when the witness walked to the curb, or moved one hundred and fifty feet, both of such statements having been made by the witness, as this was an improper restriction of the right of cross-examination.

ID.—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTION.—In such a case an instruction to the effect that, although the plaintiffs were

guilty of contributory negligence causing the injuries sued for, the defendant would be liable for its concurrent negligence causing the injuries, even though the defendant's motorman did not discover the dangerous position of the plaintiffs until it was too late to prevent the collision, is erroneous, as it completely destroys the right to the defense of contributory negligence.

ID.—DOCTRINE OF LAST CLEAR CHANCE.—Notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But this is based upon the fact that the defendant actually knew of the danger—not upon the proposition that he would have discovered the peril of the plaintiff but for the remissness on his part. Under this rule, the defendant is not liable because he ought to have known.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, for Appellant.

Charles S. McKelvey, for Respondents.

CONREY, P. J.—This is an appeal by the defendant from an order denying its motion for a new trial. The action was brought by the plaintiffs to recover damages for injuries sustained by the plaintiff Jennie Quackenbush, caused by collision between a street-car of the defendant and an automobile in which plaintiffs were riding. Immediately preceding the moment of the accident both vehicles were moving northward on Moneta Avenue in the city of Los Angeles. Defendant denied the negligence alleged against it and also set up the separate defense that the plaintiffs were guilty of contributory negligence. As these issues were decided in favor of the plaintiffs upon conflicting evidence, the appellant does not seriously contend for a disturbance of the verdict on account of insufficiency of the evidence.

The errors claimed by the appellant and relied upon by it consist in rulings of the court which limited the cross-examination of the plaintiff R. B. Quackenbush and of certain other witnesses, and it is further claimed that some of the

instructions given to the jury were erroneous; all of which it is claimed were seriously prejudicial to the defendant and prevented it from having a fair trial.

The complaint alleged that the automobile was being driven by the plaintiff R. B. Quackenbush and that for some reason unknown to the plaintiffs the engine ceased to run and the automobile was stopped on the car track at a time when the street-car was distant in the rear more than two hundred and fifty feet from the automobile; that when the car was distant two hundred and fifty feet plaintiff R. B. Quackenbush signaled the car to stop; that the employees of the defendant in charge of the car disregarded said signal and carelessly and negligently at an excess in rate of speed ran the car into the automobile and struck the same and threw the plaintiff Jennie Quackenbush from the automobile, thereby causing the injuries for which the plaintiffs seek compensation. The plaintiff R. B. Quackenbush testified that at the time when he signaled to the car it was nearly five hundred feet distant from him; that he signaled a second time and a third time; that when he gave the third signal he was on the ground half way between the curb and the car and about ten feet distant from the automobile, and that the street car was then two hundred feet distant from the automobile and coming at the rate of ten or fifteen miles an hour.

The importance of the testimony of Mr. Quackenbush and of a proper liberality in allowing cross-examination of him as a witness, is made more apparent by referring to the testimony of the motorman who, among other things, testified that he observed the automobile before it stopped; that it was then traveling ahead of him between the two tracks, a little more off to the south-bound track; that the car was gaining upon the automobile and there was not quite room enough to pass and the motorman rang his gong, and there was plenty of room if the automobile kept going, whether the plaintiffs turned out or not; but all at once the automobile swung around to the right and it stopped suddenly; that the motorman immediately used both brakes and the reverse to stop the car and that the car went only three or four feet after it came in contact with the automobile; that the plaintiff R. B. Quackenbush did not walk over to the curb, but jumped out and threw up his hands; that when the motorman turned off the power he was about two car lengths, or eighty feet, from

the automobile; that when he first saw the automobile its right wheels were about two feet from the north-bound track and it ran along up the track in about that position where the overhang of the automobile would be in the way of the car, but that the automobile seemed to turn a little bit more to the left as it went ahead; that when the automobile stopped, Mr. Quackenbush jumped out and threw up his hands, but that the motorman was already attempting to stop the car and did all he could to stop it.

In the course of the cross-examination of R. B. Quackenbush upon the subject of distance between the two vehicles at the time when the automobile stopped and when, according to his testimony, the several signals were given by him, the witness made certain conflicting statements as to distance and speed of the car. According to one of his statements, the car had moved fifty feet between the moment of giving the third signal and the time when the witness walked to the curb, and according to another of his statements the car moved one hundred and fifty feet during the same interval. Counsel for defendant then asked him: ''Which is correct, the one that it went fifty feet or one hundred and fifty feet, when you went from the point that you were standing at when you gave the third signal until you went to the curb?'' An objection to this question was sustained upon the ground that the jury ought to decide which is correct, and the court said: ''It does not seem to the court it is the right way to call upon the witness to pass upon his own testimony.'' We are of the opinion that this was an improper restriction of the right of cross-examination and the court should have permitted the question to be answered. As urged by appellant's counsel, the distance between the two vehicles when the automobile stopped was an important issue in the case and the court should have been liberal in allowing cross-examination of the principal witness of the plaintiffs, and particularly of a plaintiff himself, upon points relating to distance between the vehicles at the times in question, and with reference to the speed at which the car approached the automobile. (*Taggart* v. *Bosch*, 5 Cal. Unrep. 690, [48 Pac. 1092, 1094].)

As to the other objections to the rulings limiting cross-examination of witnesses in this case, we will not discuss them in detail. Some of these rulings were of very minor importance and perhaps were justified under the circumstances, but

all should be determined in accordance with the principle above stated. This can be done without infringing upon the rule which confides much to the discretion of the court in limiting and controlling the examination of witnesses.

Instruction II given by the court reads as follows: ''You are instructed, gentlemen of the jury, that even if it should appear to you from the evidence that the plaintiff in this case, through her own actions or the actions of her husband, placed herself in a position of danger, that if it also appears to you from the evidence that the defendant railway company, through its employees, in the event that they were exercising ordinary care in operating the car which struck the automobile occupied by the plaintiffs were in a position to be aware of the danger in which plaintiffs were placed and did not exercise ordinary care to protect plaintiff's wife from the dangers surrounding her, then, under these conditions, the law gives to the injured person a right of action and this right of action is based upon the principle that a failure to exercise ordinary care by the defendant, under such circumstances, amounts to a degree of reckless conduct that may be well termed willful and wanton, and when an act is done willfully and wantonly then contributory negligence upon the part of the person injured is not an element that will defeat a recovery, and if it appears to you from the evidence in this case that the employees of the defendant in charge of the car which struck plaintiff's automobile failed to exercise ordinary care in operating his car along the street on which the accident happened and in observing the condition of the right-of-way ahead of him and in operating his car thereon, and by reason of such failure to exercise ordinary care by such employee of the defendant, that the injuries sustained by plaintiff's wife were caused, then and in that event I instruct you that the defendant is liable for damages sustained by the plaintiffs herein and you are to fix the damages so sustained by the plaintiffs at a sum proper to compensate them therefor and in an amount not exceeding that prayed for in the complaint.'' This instruction contains important errors which were prejudicial to appellant. Apparently it was an attempt to state the doctrine of ''last clear chance'' to avoid an accident when both parties are guilty of negligence in producing the circumstances immediately preceding such accident. According to the foregoing instruction, if the plaintiffs were guilty of contributory

negligence causing the injuries received by Mrs. Quackenbush, the defendant would be liable for the concurrent negligence of its motorman also causing these injuries, even though the motorman did not discover the dangerous position of the automobile and of Mrs. Quackenbush until it was too late to prevent the collision. The jury was told that this liability would exist if the employees operating the car "were in a position to be aware of the danger in which plaintiffs were placed and did not exercise ordinary care to protect plaintiff's wife from the dangers surrounding her." Such an instruction completely destroyed the right to the defense of contributory negligence. "Doubtless, notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he would have discovered the peril of the plaintiff but for remissness on his part. Under this rule, a defendant is not liable because he ought to have known." (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, 232, [53 Pac. 651]; *Thompson* v. *Los Angeles & San Diego Beach Ry. Co.*, 165 Cal. 748, [134 Pac. 709].) Under the evidence in this case the jury may have believed that the plaintiffs were negligent in the premises and that the motorman by reason of negligence was not aware of the danger of the plaintiffs as soon as he should have been and did not observe the stopping of the automobile as soon as he should have done, but may also have believed that the motorman made every effort to stop his car as soon as he became aware that there was danger of striking the automobile. Nevertheless, according to the instruction given, the jury was bound to render a verdict in favor of the plaintiffs. This was not in accordance with the law.

We deem it unnecessary to take up for discussion the other instructions to which appellant has made objections and no ruling is intended to be made herein with respect to those objections. The order denying the motion of defendant for a new trial is reversed.

James, J., and Shaw, J., concurred.